### Charles P. Stisser v. Albert Speers.

1. JURY—*Province to Determine Where the Truth Lies.*—Where there is a contradiction in the evidence, it is the province of the jury to determine on which side the truth lies.

**Replevin,** with a count in trover. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

F. A. KERNS, attorney for appellant.

FRANK THOMAS, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a suit in replevin, commenced by appellant before a justice of the peace, to recover 399 bushels and seven pounds of white oats. Failing to get possession of the oats under his writ, he proceeded in trover to recover their value. The justice gave him judgment for $53.86, but on appeal to

the Circuit Court there was a trial *de novo* by a jury, and a verdict returned for appellee, upon which the court entered judgment, but appellant brings the case to this court. Appellant's claim to the oats was based on an alleged purchase thereof from one Weaver, who was a tenant on one of appellant's farms. Appellee was a grain buyer, and the oats were hauled and delivered to him at his elevator by Weaver, prior to the alleged purchase by appellant. Weaver gave appellant an order for the oats, but appellee refused to deliver or account to him for them, on the ground that he had bought and received them from Weaver in payment of an indebtedness owing to him by Weaver for seed oats. In his argument appellant's counsel distinctly repudiates the idea that appellant's claim was based upon his right to a landlord's lien. He relies entirely upon the theory of a purchase from Weaver by appellant. But before appellant claims to have purchased the oats from Weaver, appellee had them in his possession, and it was for the jury to determine whether he had bought them as he now contends. If he had, then he was the owner and in possession, and his right was superior to that of appellant.

Inconsistently with his claim of a purchase from Weaver, appellant sought to prove notice of his lien to appellee, and asked an instruction based upon the landlord's lien law, which we think was properly refused.

There was some contradiction in the evidence which it was the province of the jury to consider, and determine on which side lay the truth. We can not say that appellant satisfactorily proved his right to the oats or the value thereof, nor that the verdict was not warranted by the evidence.

Exhibits " A " and " B " offered in evidence were properly rejected, because they contained matter other than a mere order and bill of sale, which was not proper to go to the jury.

We find no serious error in the instructions, and the judgment must be affirmed.